State v. Guy

STATE OF NORTH CAROLINA v. HARRY GUY

No. 7222SC143

(Filed 23 February 1972)

Narcotics § 2— sale of amphetamines — indictment — failure to allege possession for purpose of sale

Bills of indictment charging defendant with the felony of selling amphetamine capsules in August and September of 1969 were not fatally defective in failing to allege that defendant possessed the capsules for the purpose of sale, since the 1969 amendment to G.S. 90-113.2(5), in effect when defendant allegedly made the sales, made it unlawful "to sell or to possess for the purpose of sale" stimulant drugs.

APPEAL from *Collier, Judge,* 12 July 1971 Session of Superior Court, DAVIDSON County.

Defendant was charged with three counts of the felony of selling amphetamine capsules. The indictments were identical in form and substance with the exception of the dates of the alleged offense and the names of the persons to whom sold. The quoting of one, therefore, will suffice.

"The Jurors for the State upon their oath present, That HARRY GUY late of the County of Davidson, on the 28th day of August in the year of our Lord one thousand nine hundred and sixty-nine, with force and arms, at and in the County aforesaid, did unlawfully, wilfully and feloniously sell to one Henry L. Poole the stimulant drug, to wit: twelve (12) #20 capsules of amphetamine in violation of Chapter 90-113.2(5) of the General Statutes of North Carolina against the form of the statute in such case made and provided and against the peace and dignity of the State."

Counsel was appointed for defendant to represent him at trial. Defendant entered a plea of nolo contendere on each charge. The transcript of his plea and the adjudication thereon appear in the record. Judgment was entered adjudging that defendant be imprisoned for "the term of indeterminate sentence of 30 days to 3 years in the State Prison." Defendant gave notice of appeal from the judgment entered. Upon a finding of indigency, counsel was appointed to prosecute his appeal. Counsel on appeal is not the same counsel appearing at trial.

State v. Guy

*Attorney General Morgan, by Assistant Attorney General Weathers, for the State.*

*Robert L. Grubb for defendant appellant.*

MORRIS, Judge.

Defendant brings forward only one assignment of error. He contends the court committed reversible error in signing the judgment and commitment for the reason that the bills of indictment did not charge an offense because they failed to charge that defendant possessed the capsules for the purpose of sale. This the defendant contends is an essential element of G.S. 90-113.2 (5). It is true that none of the bills alleged possession, and that prior to 1969, G.S. 90-113.2 (5) provided:

> "It shall be unlawful for any person to possess for the purpose of sale, barter, exchange, dispensing, supplying, giving away, or furnishing any barbiturate or stimulent drugs; . . . "

However, the General Assembly of 1969 amended G.S. 90-113.2 (5) so that, effective 23 June 1969, it read: "It shall be unlawful for any person *to sell or* to possess for the purpose of sale, . . . " (Emphasis supplied.) The offenses with which defendant was charged occurred on 28 August 1969, 3 September 1969, and 10 September 1969—all after the effective date of the 1969 amendment.

The General Assembly of 1971 rewrote Articles 5 and 5A of Chapter 90 of the General Statutes. The present Article 5, the North Carolina Controlled Substances Act, consisting of §§ 90-86 to 90-113.8, replaces former §§ 90-86 to 90-113.13 which included the Narcotic Drug Act (Article 5) and Barbiturate and Stimulent Drugs (Article 5A). Amphetamine is now a Schedule III controlled substance (G.S. 90-91). G.S. 90-95 (a) (1) makes its distribution or possession with intent to distribute unlawful and G.S. 90-95 (b) provides that the violation of G.S. 90-95 (a) (1) shall constitute a felony and prescribes the penalty for violation as imprisonment for not more than five years or a fine of not more than $5,000, or both in the discretion of the court. The statute under which defendant was convicted was repealed in 1971. However in doing so the General Assembly provided that:

"G.S. 90-113.7. *Pending proceedings.*— (a) Prosecutions for any violation of law occurring prior to January 1, 1972 shall not be affected by these repealers, or amendments, or abated by reason, thereof."

The punishment imposed by the trial court did not exceed that which is now permissible under G.S. 90-95(b). Defendant's assignment of error is without merit and is overruled.

Defendant also filed in this Court a motion in arrest of judgment, basing his motion on the same ground. For the same reason, the motion is denied.

We note from the record that trial counsel became ill and could not perfect defendant's appeal. It is apparent from the record, however, that trial counsel interposed numerous objections to evidence submitted by the State and interposed various motions. Because of the rather unusual circumstances, and in view of defendant's indigency, we have carefully examined the record and find the proceeding in the Superior Court free from prejudicial error.

No error.

Chief Judge MALLARD and Judge PARKER concur.